1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NATHANIEL JAMES DAVIS, JR.,

                              Plaintiff,

          v.

STATE OF WASHINGTON, et al.,

                              Defendants.

No. C10-5185 RJB/KLS

ORDER TO AMEND OR SHOW CAUSE

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28
U.S.C. § 636(b)(1), Local Rules MJR 3 and 4.  Plaintiff's application to proceed *in forma
pauperis* (Dkt. 3) is pending.  On March 16, 2010, Plaintiff filed his proposed civil rights
complaint.  Dkt. 1.  After reviewing Plaintiff's proposed complaint, the court finds that it is
deficient.

*DISCUSSION*

Under the Prison Litigation Reform Act of 1995, the Court is required to screen
complaints brought by prisoners seeking relief against a governmental entity or officer or
employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint
or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that
fail to state a claim upon which relief may be granted, or that seek monetary relief from a

ORDER TO AMEND OR SHOW CAUSE- 1

1    defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See

2    *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

3          A complaint is legally frivolous when it lacks an arguable basis in law or fact.  *Neitzke v.*

4    *Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir.

5    1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

6    indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*,

7    490 U.S. at 327.  A complaint or portion thereof, will be dismissed for failure to state a claim

8    upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right

9    to relief above the speculative level, on the assumption that all the allegations in the complaint

10   are true."  See *Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)(citations omitted).

11   In other words, failure to present enough facts to state a claim for relief that is plausible on the

12   face of the complaint will subject that complaint to dismissal.  *Id*. at 1974.

13         The court must construe the pleading in the light most favorable to plaintiff and resolve

14   all doubts in plaintiff's favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  Although

15   complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law,

16   unsupported conclusions, and unwarranted inferences need not be accepted as true.  *Id*. While the

17   court can liberally construe plaintiff's complaint, it cannot supply an essential fact an inmate has

18   failed to plead. *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673

19   F.2d 266, 268 (9th Cir. 1982)).

20         Unless it is absolutely clear that amendment would be futile, however, a pro se litigant

21   must be given the opportunity to amend his complaint to correct any deficiencies.  *Noll v.*

22   *Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

ORDER TO AMEND OR SHOW CAUSE- 2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

On the basis of these standards, Mr. Davis has failed to state a claim upon which relief can be granted.  Mr. Davis seeks "release from infraction #607," and an order "abolishing Infraction 607."  Dkt. 1-2, p. 4.  From the information attached to Mr. Davis's proposed complaint, it appears that Mr. Davis was found guilty of committing an infraction of WAC 607 and sanctions were imposed including 14 days segregation, 30 days loss of good conduct time and 30 days loss of privileges.  Dkt. 1-2, p. 6.

When a person confined by government is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).   In order to recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

In this case, Mr. Davis seeks "release from infraction," and abolishment of the infraction, which presumably would include restoration of his good time. Dkt. 1-2, p. 4.  As noted above, when a state prisoner is challenging the duration of his confinement and the relief he seeks entails a speedier release from that confinement, his sole federal remedy is a writ of habeas corpus.  *Preiser*, 411 U.S. at 499.  A prisoner challenging the denial of good time credits is, in effect, claiming that his sentence should be shorter.  Thus, his sole remedy is habeas corpus.

ORDER TO AMEND OR SHOW CAUSE- 3

1  *Toussaint v.* McCarthy, 801 F.2d 1080, 1096 n. 14 (9ᵗʰ Cir. 1986).  Therefore, this Court must

2  construe Mr. Davis's challenge of the denial of his good time credits as a habeas petition.

3      In addition, prisoners in state custody who wish to challenge the length of their

4  confinement in federal court by a petition for writ of habeas corpus are first required to exhaust

5  state judicial remedies, either on direct appeal or through collateral proceedings, by presenting

6  the highest state court available with a fair opportunity to rule on the merits of each and every

7  issue they seek to raise in federal court.  *See* 28 U.S.C. § 2254(b)(c); *Granberry v. Greer*, 481

8  U.S. 129, 134 (1987); *Rose v. Lundy*, 455 U.S. 509 (1982); *McNeeley v. Arave*, 842 F.2d 230,

9  231 (9ᵗʰ Cir. 1988).   State remedies must be exhausted except in unusual circumstances.

10  *Granberry*, *supra*, at 134.  If state remedies have not been exhausted, the district court must

11  dismiss the petition.  *Rose, supra*, at 510; *Guizar v. Estelle*, 843 F.2d 371, 372 (9ᵗʰ Cir. 1988).

12  As a dismissal solely for failure to exhaust is not a dismissal on the merits, *Howard v. Lewis*, 905

13  F.2d 1318, 1322-23 (9ᵗʰ Cir. 1990), it is not a bar to returning to federal court after state remedies

14  have been exhausted.

15      Because Mr. Davis seeks an earlier release from confinement, his action is not cognizable

16  under 42 U.S.C. § 1983 and the proper course of action to challenge his incarceration is through

17  a habeas corpus petition, which he must first file in state court.

18      Due to the deficiencies described above, the Court will not serve the complaint.  Mr.

19  Davis may file an amended complaint curing, if possible, the above noted deficiencies, or show

20  cause explaining why this matter should not be dismissed no later than **June 18, 2010.**   If Mr.

21  Davis chooses to file an amended complaint, which seeks relief cognizable under 42 U.S.C. §

22  1983, his amended complaint shall consist of a short and plain statement showing that he is

23  entitled to relief, and he must allege with specificity the following:

ORDER TO AMEND OR SHOW CAUSE- 4

1)      the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

2)      the dates on which the conduct of each defendant allegedly took place; and

3)      the specific conduct or action Plaintiff alleges is unconstitutional.

Mr. Davis shall set forth his factual allegations in separately numbered paragraphs.  The amended complaint shall operate as a complete substitute for (rather than a mere supplement to) the present complaint.  Mr. Davis shall present his complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and it must be clearly labeled the "First Amended Complaint" and Cause Number C10-5185 RJB/KLS must be written in the caption.  Additionally, Plaintiff must submit a copy of the "First Amended Complaint" for service on each named Defendant.

If Mr. Davis decides to file an amended civil rights complaint in this action, he is cautioned that if the amended complaint is not timely filed or if he fails to adequately address the issues raised herein on or before **June 18, 2010**, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g).  Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

ORDER TO AMEND OR SHOW CAUSE- 5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**The Clerk is directed to send Mr. Davis the appropriate form for filing a 42 U.S.C. 1983 civil rights complaint.  The Clerk is further directed to send a copy of this Order and a copy of the General Order to Plaintiff**.

DATED this  26th  day of May, 2010.

Karen L. Strombom
United States Magistrate Judge

ORDER TO AMEND OR SHOW CAUSE- 6