UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NATHANIEL JAMES DAVIS, JR.,

                    Plaintiff,

    v.

SCOTT ALEX SPEER and THE
DEPARTMENT OF CORRECTIONS,

                    Defendants.

No. C10-5185 RJB/KLS

ORDER TO AMEND OR SHOW CAUSE

This civil rights action has been referred to the undersigned United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff's application to proceed *in forma pauperis* (Dkt. 1) is pending. On March 16, 2010, Plaintiff filed his proposed civil rights complaint. Dkt. 1. Upon review, the court found the complaint to be deficient and directed Mr. Davis to show cause why the complaint should not be dismissed or to amend his complaint to state a cause of action under 42 U.S.C. § 1983. Dkt. 7. On June 7, 2010, Mr. Davis filed a proposed First Amended Complaint. Dkt. 10. Upon review, the court declines to serve the First Amended Complaint because Plaintiff has failed to state a claim under 42 U.S.C. § 1983.

*FACTUAL BACKGROUND*

In his original complaint, Mr. Davis sought "release from infraction #607," and an order "abolishing Infraction 607." Dkt. 1-2, p. 4. From the information attached to Mr. Davis'

ORDER TO AMEND OR SHOW CAUSE- 1

proposed complaint, it appeared that Mr. Davis was found guilty of committing an infraction on January 22, 2010 at the Olympic Corrections Center (OCC) of WAC 137-25-030: 607 – refusing to submit to a urinalysis and/or failure to provide a urine sample.  Mr. Davis was sanctioned with 14 days in segregation, loss of 30 days good conduct time and loss of privileges for 30 days.  Dkt. 1-2, p. 6.  After reviewing the original complaint, the court found it to be deficient because Mr. Davis sought "release from infraction," which presumably would include restoration of his good time.  The court concluded that Mr. Davis' sole remedy was a writ of habeas corpus, and directed Mr. Davis to show cause why his complaint should not be dismissed or to file an amended complaint stating a cognizable cause of action under 42 U.S.C. § 1983.  Dkt. 7.

In his proposed amended complaint, Mr. Davis names only the Department of Corrections and Scott Alex Speer as defendants.  Dkt. 10.  Under the heading of his proposed pleading, Mr. Davis states:  "Reporting missing person . . . the name of Plaintiff is not the name registered with the State of Wash. Dept. of Corrections . . . ".  In his Statement of Claim, Plaintiff states, in part:

> The Defendant took oath through the eyes of terrorism on 1/22/2010.  Scott Alex Speer said to U.S.C.A. 13 slave, Nathaniel James Davis, Jr. "we do not honor the constitution here after I said the State of Washington, Dept. of Correction employee violated my First, Fifth, 13 and due process protection . . . ".
> . . .
> On 1/18/2010 I had previously had friend report Nathaniel James Davis, Jr., where at 7:00 p.m. I was denied my true name and toilet at Hoh Unit of Olympic Correction Center."
>
> On 1/22/2010 – Scott Alex Speer wrote on Infraction 607 the name Nathaniel Davis Inmate # 901977 of State of Washington Dept. of Corrections and (note [sic] guilty of infraction 607, where the body of Nathaniel James Davis, Jr. was sitting in chains not Davis, Nathaniel Inmate #901977.
> . . .
> On 3/29/2010 John Aldany and Scott Alex Speer reversed Nathaniel Davis #901977/607 Infraction but have failed to release Plaintiff.  Nathaniel James Davis Jr. on previous court modification order, reduce sentence to 12 month

ORDER TO AMEND OR SHOW CAUSE- 2

1/9/2007 and at O.C.C. 5/1/2008 on 4.5 year ÷ 2 = I do 1 year I am 3 year[] past recalculated release.

Dkt. 10, p. 3.

Mr. Davis also alleges that his mail addressed to the NAACP was restricted by a Darla Depen on March 3, 2010, pursuant to Mail Restriction # 0310006. Dkt. 10, p. 3. Ms. Depen is not named as a defendant in the proposed amended complaint.

Mr. Davis asks that (1) his case be referred to "Grand Jury for constitutional protections from kidnapping statute," (2) the court report "Nathaniel James Davis, Jr. scientist of color missing, where my driver's license has not been renewed in 4 years," (3) his cancer, Alzheimer formula be returned to "Prof. Nathaniel James Davis Jr. scientist of color" at the Bethel Christian Church in Seattle. *Id.*, p. 4. The remainder of Mr. Davis' requested relief is largely illegible.

Attached to Mr. Davis' proposed amended complaint is a memorandum dated March 29, 2010 from John Aldana, Superintendent, which vacated "the guilty findings of serious infraction WAC 137-25-030: 607 dated 01/18/10" for which Mr. Davis was found guilty on 01/22/10, and restored Mr. Davis' 30 days loss of good conduct time. Dkt. 10, p. 13. Also attached are various pamphlets touting "Juice Works" dietary supplements and sheet music for a gospel song entitled "Treat Everybody Right," written by Nate Davis, Jr. *See, e.g.,* Dkt. 10, pp. 9-11.

*DISCUSSION*

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a

ORDER TO AMEND OR SHOW CAUSE- 3

defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." See *Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id*. at 1974.

The court must construe the pleading in the light most favorable to plaintiff and resolve all doubts in plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Id*. While the court can liberally construe plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).

To state a claim under 42 U.S.C. § 1983, a complaint must allege that the conduct complained of was committed by a person acting under color of state law and that the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds, *Daniels*

ORDER TO AMEND OR SHOW CAUSE- 4

*v. Williams*, 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

When a person confined by government is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).   In order to recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

A.       *Infraction and Good Time Credits*

The court advised Mr. Davis that because he was seeking "release from infraction," and abolishment of the infraction, which presumably would include restoration of his good time, his sole federal remedy is a writ of habeas corpus.  Dkt. 7 (citing *Preiser*, 411 U.S. at 499 and *Toussaint v. McCarthy*, 801 F.2d 1080, 1096 n. 14 (9th Cir. 1986)).  In response, Mr. Davis filed a proposed First Amended Complaint, to which is attached a letter indicating that the finding of guilty for violation of Infraction 607 has been vacated and the 30 day loss of good conduct time restored.  However, Mr. Davis alleges that he is not the "Nathaniel Davis Inmate #901977" to whom the credits were restored, but Nathaniel James Davis, Jr., who was still "sitting in chains." Dkt. 10, p. 3.  Mr. Davis alleges that even though John Aldany and Scott Alex Speer reversed

ORDER TO AMEND OR SHOW CAUSE- 5

the 607 infraction of Nathaniel Davis, they failed to release Nathaniel James Davis, Jr., pursuant to an order that reduced his sentence and that he has been held three years past his release date. Dkt. 10, p. 3.

An action for damages for improper withholding of good-time credit (which affects length of sentence rather than fact of sentence) is cognizable under § 1983, so long as the claim is "not frivolous and is of sufficient substance to invoke the jurisdiction of the federal court." *Wolff v. McDonald*, 418 U.S. 539, 554 (1974).   Here, Mr. Davis alleges that the infraction was vacated and the materials attached to his complaint indicate that the 30 days good conduct time was restored.  Thus, Mr. Davis has not alleged any constitutional deprivation because he was never deprived of a protected liberty interest, i.e., his good conduct time.   He also makes no claim of any procedural due process violation. *See, e.g., Wolff*, 418 U.S. at (minimal requirements of procedural due process must be observed, such as advanced written notice of the violation, statement of evidence relied upon, reason for denying the good-time credit and allowing prisoner to attend a hearing where he call witnesses and present evidence. *Wolff*, 418 U.S. at 565-66.

B.     *Incarceration Beyond Recalculated Sentence*

Mr. Davis' new allegation that he has been held three years beyond his recalculated sentence has not yet accrued as he has not established that he is entitled to release from custody. Dkt. 10, p. 3.

"[T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed, expunged, or invalidated by an authorized governmental entity. *Heck*, 512 U.S. at 486-87.  Relying on the

ORDER TO AMEND OR SHOW CAUSE- 6

teachings of *Heck,* the Ninth Circuit held, in *Erlin v. United States*, 364 F.3d 1127 (9th Cir.2004), that a claim under the Federal Tort Claims Act (FTCA) for negligent miscalculation of a release date did not accrue until the prisoner won a writ of habeas corpus:

> Even though the action is for miscalculation of the release date, we conclude that the cause of action did not accrue when the Parole Commission made the miscalculation. The reason is that one more thing had to happen before Erlin had a claim for the miscalculation. He had to prevail in a habeas case establishing that he was entitled to release. So long as he was incarcerated, a judgment for damages for the miscalculation would necessarily imply that he was wrongfully imprisoned. Thus, the cause of action could not accrue until he won a writ of habeas corpus. Erlin filed his claim within two years of the issuance of the writ, so his action was timely.

*Id.*, 364 F.3d at 1130-1131.

Thus, the reasoning of *Heck* and *Erlin* dictate that Mr. Davis' § 1983 claim stemming from the alleged miscalculation of his release date cannot accrue until a state court determines that his sentence has expired.

C.   *Mail Restriction*

Mr. Davis also alleges that his mail addressed to the NAACP was restricted by a Darla Depen on March 3, 2010. Dkt. 10, p. 3. Mr. Davis cites to Mail Restriction # 0310006. Inmates enjoy a First Amendment right to send and receive mail. *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir.1995). Inmates' First Amendment rights are "necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security." *McElyea v. Babbitt*, 833 F.2d 196, 197 (9th Cir.1987) (per curiam). A regulation that impinges on an inmate's First Amendment rights is valid if that regulation "is reasonably related to legitimate penological interests." *Frost v. Symington*, 197 F.3d 348, 354

ORDER TO AMEND OR SHOW CAUSE- 7

(9th Cir. 1999) (citing *Turner v. Safley*, 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987))[1]. Deterring criminal activity and maintaining prisoner security are legitimate penological interests that justify regulations on prisoner mail. *O'Keefe v. Van Boening*, 82 F.3d 322, 326 (9th Cir. 1996).

Although Mr. Davis claims that Darla Depen restricted his mail on March 3, 2010, he did not identify Ms. Depen as a defendant in his proposed amended complaint. He also failed to allege facts sufficient to show his constitutional rights were violated by imposition of the mail restriction.

D.     *Remaining Allegations and Requests for Relief*

Mr. Davis' remaining allegations and requests for relief such as being a missing person, a scientist of color, kidnapping, failure to renew driver's license, and the taking of his "cancer, Altzheimer's formula" by some unnamed individual or individuals, are vague, unclear and fail to present enough facts to state a claim for relief that is plausible on the face of the complaint.

Due to the deficiencies described above, the court will not serve the complaint. Mr. Davis may file an amended complaint curing, if possible, the above noted deficiencies, or show cause explaining why this matter should not be dismissed no later than **July 23, 2010.** If Mr. Davis chooses to file an amended complaint, which seeks relief cognizable under 42 U.S.C. § 1983, his amended complaint shall consist of a short and plain statement showing that he is entitled to relief, and he must allege with specificity the following:

---

[1] To determine the validity of a regulation, courts apply the test established under *Turner v. Safley*, which considers four factors: (1) whether there is a valid, rational connection between the regulation and the legitimate governmental interest the regulation is designed to protect; (2) whether the prisoner has alternative means of exercising the right at issue; (3) the impact any accommodation would have on guards, other inmates, and allocation of prison resources; and (4) whether there are "ready alternatives" for furthering the government interest, which would suggest that the regulation is an exaggerated response to the jail's concern. *Turner*, 482 U.S. at 89-90, 107 S.Ct. 2254.

ORDER TO AMEND OR SHOW CAUSE- 8

    1)      the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

    2)      the dates on which the conduct of each defendant allegedly took place; and

    3)      the specific conduct or action Plaintiff alleges is unconstitutional.

Mr. Davis shall set forth his factual allegations in separately numbered paragraphs. The amended complaint shall operate as a complete substitute for (rather than a mere supplement to) the present complaint. Mr. Davis shall present his complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and it must be clearly labelled the "First Amended Complaint" and Cause Number C10-5185 RJB/KLS must be written in the caption. Additionally, Plaintiff must submit a copy of the "First Amended Complaint" for service on each named Defendant.

If Mr. Davis decides to file an amended civil rights complaint in this action, he is cautioned that if the amended complaint is not timely filed or if he fails to adequately address the issues raised herein on or before **July 23, 2010**, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g). Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

ORDER TO AMEND OR SHOW CAUSE- 9

**The Clerk is directed to send Mr. Davis the appropriate form for filing a 42 U.S.C. 1983 civil rights complaint. The Clerk is further directed to send a copy of this Order and a copy of the General Order to Plaintiff.**

DATED this 1st day of July, 2010.

Karen L. Strombom
United States Magistrate Judge

ORDER TO AMEND OR SHOW CAUSE- 10